

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 18 2013

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIO PERDOMO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-cv-734-M |
| | § | |
| FEDERAL NATIONAL MORTGAGE | § | |
| ASSOCIATION a/k/a FANNIE MAE, | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| and SETERUS, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are separate Motions to Dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant JPMorgan Chase Bank, N.A. ("JPMC") [Docket Entry #42] and Defendants Federal National Mortgage Association a/k/a Fannie Mae ("Fannie Mae") and Seterus, Inc. ("Seterus") [Docket Entry #49], as well as separate Motions for Summary Judgment filed by JPMC [Docket Entry #58] and Fannie Mae and Seterus [Docket Entry #61]. For the reasons stated below, the Court **GRANTS** JPMC's and Fannie Mae and Seterus's Motions for Summary Judgment and **DISMISSES** this case with prejudice. Defendants' Motions to Dismiss are **DENIED** as moot.

## I. BACKGROUND

This case arises out of foreclosure proceedings initiated by Fannie Mae against certain real property located at 1428 Arcady Lane in Irving, Texas (the "Property"). Plaintiff Mario Perdomo ("Plaintiff") purchased the Property on or about May 4, 2005 and, in connection with his purchase, executed (1) a Note payable to Executive Home Mortgage Co., Ltd. ("EHM") and (2) a Deed of

Page 1 of 12

Trust in favor of EHM covering his interest in the Property. *See* Fannie Mae MSJ App., Exh. A-1 & A-2. The same day, EHM executed an Assignment of Deed of Trust transferring all its rights and interest in the Note and Deed of Trust to JPMC and specially indorsed the Note in favor of JPMC. *Id.*, Exh. A-1 at 11 & A-3. Thereafter, Plaintiff defaulted on his mortgage loan by failing to make required payments beginning in August 2008. *Id.*, Exh. A-6; *see also* JPMC MSJ App., Exh. E at 44. The last mortgage payment Plaintiff made was in 2010. JPMC MSJ App., Exh. E at 44.

JPMC assigned the Note and Deed of Trust to Chase Home Finance, LLC ("CHF") effective November 28, 2008. Plf. Resp. to Fannie Mae MSJ App., Exh. 5. CHF subsequently foreclosed and sold the Property to Fannie Mae. *See id.*, Exh. 6 at 1. However, Fannie Mae cancelled and rescinded the foreclosure sale on October 14, 2009. *Id.* As a result, Fannie Mae, CHF, and Plaintiff were returned to the status quo existing immediately prior to the foreclosure. *Id.* On November 17, 2010, JPMC executed a Corporate Assignment of Deed of Trust ("2010 Corporate Assignment") transferring the Note and Deed of Trust to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Fannie Mae. Fannie Mae MSJ App, Exh. A-4. Fannie Mae purchased the Property for a second time at a foreclosure sale held on February 1, 2011. *Id.*, Exh. A-5. JPMC later became the successor by merger to CHF on May 1, 2011. JPMC MSJ App., Exh. A-2.

Plaintiff filed the instant suit against Fannie Mae in Texas state court on March 16, 2011, and Fannie Mae removed it to federal court on the basis of diversity of citizenship.[1] Plaintiff

---

[1] Federal jurisdiction is proper because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1); *see also* Fannie Mae MSJ App, Exh. A-4 (Substitute Trustee's Deed establishing that Fannie Mae purchased the Property at foreclosure for $80,164.41) *and Dillard Family Trust v. Chase Home Fin., LLC,* No. 3:11-CV-1740-L, 2011 WL 6747416, at *4

subsequently filed an amended complaint and a second amended complaint naming Seterus and JPMC as additional defendants. The gravamen of Plaintiff's live pleading is that Fannie Mae acquired no rights in Plaintiff's mortgage Note or Deed of Trust by virtue of the 2010 Corporate Assignment because JPMC had previously assigned all of its rights in the Note and Deed of Trust to CHF. *See* Plf. Sec. Amd. Compl. at 3-4. Thus, Fannie Mae did not own the Note or Deed of Trust on February 1, 2011, and neither Fannie Mae nor its servicing agent Seterus had authority to conduct foreclosure proceedings or sell the Property at the substitute trustee's sale. Plaintiff further contends that the 2010 Corporate Assignment from JPMC to Fannie Mae constitutes a fraudulent record or lien in violation of Texas law. Plaintiff seeks a declaratory judgment that Fannie Mae and Seterus had no right to invoke the power of sale and foreclose on the Property. He further seeks to quiet title to the Property and damages for slander of title and violations of Chapter 12 of the Texas Civil Practice & Remedies Code.

Defendants have filed motions to dismiss the lawsuit on grounds that Plaintiff lacks standing to challenge the assignment of his mortgage loan and that the second amended complaint fails to set forth sufficient facts to state a claim for relief. Defendants also have filed motions for summary judgment as to all of Plaintiff's claims and causes of action. Among other things, Fannie Mae and Seterus argue that all of Plaintiff's claims against them fail because Fannie Mae is the holder of the Note and has the legal right to enforce the Note. JPMC further argues that Plaintiff's claim against it for violations of Chapter 12 of the Texas Civil Practice & Remedies Code fails because the 2010 Corporate Assignment is not a "lien" for purposes of liability under

---

(N.D. Tex. Dec. 23, 2011) (amount in controversy in case that seeks a declaration that quiets title to property is equal to the value of the property).

the statute. The issues have been fully briefed by the parties, and the motions are ripe for determination.[2]

## II.  LEGAL STANDARDS

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). If a reasonable jury could return a verdict for the nonmoving party, then there is a genuine dispute of material fact.  *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 417 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine dispute of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998).  Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate, by designating specific facts beyond the pleadings that prove the existence of a genuine dispute of material fact.  *See* Fed. R. Civ. P. 56(a); *Anderson*, 477 U.S. at 250; *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).  In determining whether a genuine dispute of material fact exists, "[f]actual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists."  *Lynch Props.*, 140 F.3d at 625 (citation omitted).

---

[2]  Plaintiff's unopposed Motion to Extend Deadline to Respond to Defendants' Motions for Summary Judgment [Docket Entry #64] is GRANTED.  Plaintiff's responses [Docket Entries #65 & #66] to Defendants' separate motions are deemed timely filed and will be considered by the Court.

III.  ANALYSIS

Because the arguments and evidence presented in connection with the Defendants'

motions for summary judgment are dispositive, the Court addresses those motions first.

**A.  Evidentiary Objections**

As a preliminary matter, Plaintiff objects to portions of Janisse Hall's declaration submitted

in support of Fannie Mae and Seterus's summary judgment motion, including the statement that

"[JPMC] assigned the loan documents to Mortgage Electronic Registration System, Inc. as

nominee for [Fannie Mae] on November 17, 2010," on grounds that Hall's statements are

conclusory and based on hearsay rather than personal knowledge.  *See* Plf. Resp. to Fannie Mae

MSJ at 2.  Federal Rule of Civil Procedure 56(c)(4) requires that a declaration used to support a

summary judgment motion must be made on "personal knowledge, set out facts that would be

admissible in evidence, and show that the ... declarant is competent to testify on the matters

stated." Fed. R. Civ. P. 56(c)(4).  Personal knowledge may be inferred from the declarant's

position with the company. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005).  A

custodian of records is competent to testify regarding business records as a corporate

representative. *See* Fed. R. Civ. P. 803(6); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir.

2000).  Hall is an employee in the legal department at Seterus, and she reviewed the documents

related to Plaintiff's loan in connection with the making of her declaration.  Fannie Mae MSJ

App., Exh. A at 4, ¶¶ 2-3.  Seterus is Fannie Mae's servicing agent.  *Id.* at 3, ¶ 9.  It maintains

the documents Hall reviewed in its regular course of business.  *Id.*  As a result of her review of

the records in this case, it can be reasonably inferred that Hall has personal knowledge of facts

applicable to Plaintiff's loan, including the transfer and assignment of Plaintiff's loan documents.

*Dempsey v. U.S. Bank Nat'l*, No. 4:10-CV-679, 2012 WL 2036434, at *3 (E.D. Tex. Jun. 6, 2012)

(overruling hearsay objection to declaration by servicer's vice president of loan documentation regarding plaintiff's loan documents).   Defendants also provided the Court with a copy of the 2010 Corporate Assignment of Deed of Trust from JPMC to Fannie Mae, which is a matter of public record having been recorded in the Dallas County Real Property Records.   *See* Fannie Mae MSJ App., Exh. A-4.   Thus, Hall's statements have factual support and are not fatally conclusory. *Branch Banking & Trust Co. v. Gedalia*, No. 4:10-CV-461, 2012 WL 170945, at *3 (E.D. Tex. Jan. 20, 2012) (overruling objection that bank employee's statements regarding loan ownership were conclusory where bank also provided court with recorded documents establishing same facts).   Plaintiff's objections to Janisse Hall's declaration are overruled.

## B. Declaratory Judgment, Quiet Title, Trespass to Try Title, and Slander of Title

The gravamen of Plaintiff's claims against Fannie Mae and Seterus for declaratory relief, quiet title, trespass to try title, and slander of title is that these Defendants lacked authority to enforce the mortgage Note, initiate foreclosure proceedings, and sell the Property to Fannie Mae. *See* Plf. Sec. Am. Compl. 3-5, 8.   More specifically, Plaintiff contends that Defendants cannot prove that Fannie Mae was the legal owner and/or holder of the Note or entitled to receive payments under the Note on February 1, 2011 -- the date of the foreclosure sale, which precludes Fannie Mae, or its agent, from invoking the power of sale under the Deed of Trust and foreclosing on the Property.   *See* Plf. Resp. to Fannie Mae MSJ at 4-5.   Plaintiff further contends that there is no evidence that the rights under the Deed of Trust were transferred or assigned to Fannie Mae prior to the foreclosure.   *Id.* at 5-6.   Plaintiff argues that genuine issues of material fact exist as to purported clouds on his title to the Property, including whether the Substitute Trustee's Deed contains false statements regarding Fannie Mae's ownership of the Property.   *Id.* at 6-9, 10-13.

Contrary to Plaintiff's arguments, the summary judgment evidence establishes that Fannie Mae and Seterus were entitled to enforce the Note. Hall's declaration states that JPMC transferred Plaintiff's loan documents, including the Note and Deed of Trust, to MERS, as nominee for Fannie Mae, on November 17, 2010. Fannie Mae MSJ App., Exh. A at 2, ¶ 6. A copy of the recorded 2010 Corporate Assignment specifically identifying the Deed of Trust executed by Plaintiff and covering the Property, "together with the certain note(s) described therein," is attached to Hall's declaration. *Id.*, Exh. A-4. Hall's declaration further states that Seterus currently services Plaintiff's mortgage loan for Fannie Mae and maintains physical possession of the Note. *Id.*, ¶ 7. The Note, a copy of which is also attached to Hall's declaration, reveals that it was indorsed by EHM, the original lender, to JPMC, and then by JPMC in blank. *Id.*, Exh. A-1 at 11. Under Texas law, physical possession of a note that bears a blank indorsement establishes ownership and the right to collect. *See* Tex. Bus. & Com. Code § 3.205(b) (Vernon 2002) ("When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.") & *id.* § 1.201(b)(21) (defining "holder" as "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession."). As the holder of a Note indorsed in blank, Fannie Mae is entitled to enforce the Note. *See Smith v. Wells Fargo Bank, N.A.*, No. 3-11-CV-1211-M-BD, 2012 WL 4168331, at *2 (N.D. Tex. Aug. 27, 2012), *rec. adopted*, 2012 WL 4195875 (N.D. Tex. Sep. 20, 2012); *Dempsey*, 2012 WL 2036434, at *4; *Lusk v. Wells Fargo Bank, Nat'l Ass'n*, No. 4:11-CV-381, 2012 WL 1836342, at *3 (E.D. Tex. May 21, 2012); *Kiggundu v. Mortg. Elec. Registration Sys., Inc.*, No. 4:11-CV-1068, 2011 WL 2606359, at *4 (S.D. Tex. Jun. 30, 2011), *aff'd*, 469 F.App. 330 (5th Cir. Mar. 27, 2012).

Plaintiff's argument that Defendants failed to adduce evidence that Fannie Mae had the right to enforce the Note on February 1, 2011 -- the date of the foreclosure sale -- is inapposite. Under Texas law, a holder of a note indorsed in blank is presumed to be entitled to enforcement of the instrument merely by showing possession of that instrument. *Bittinger v. Wells Fargo Bank NA*, No. H-10-1745, 2011 WL 5415664, at *8 (S.D. Tex. Nov. 8, 2011). Such a holder is not also required to establish an unbroken chain of title. *Id.* (distinguishing "holder" from "owner" that is required to show possession *and* complete chain of title). Thus, Plaintiff's evidence of a possible "gap" in the lender's title does not raise a genuine issue of material fact as to whether Fannie Mae is entitled to enforce the Note. *Bittinger v. Wells Fargo Bank NA*, No. H-10-1745, 2011 WL 3568206, at *4 (S.D. Tex. Aug. 25, 2011) (plaintiff's allegation that lender was not the holder of the note at the time of foreclosure was precluded by evidence that lender was current holder of the note indorsed in blank).

Texas law further allows a mortgage servicer to administer foreclosure proceedings on behalf of a mortgagee, like Fannie Mae, if certain conditions are met. *See* Tex. Prop. Code Ann. § 51.0025 (Vernon 2007). None of those conditions require the mortgage servicer to be the holder or owner of the Note and Deed of Trust. *See Smith*, 2012 WL 4168331, at *2; *Voth v. Fed. Nat'l Mortg. Ass'n*, No. 3:10-CV-2116-G-BD, 2011 WL 1897759, at *2 (N.D. Tex. Apr. 22, 2011), *rec. adopted*, 2011 WL 1897271 (N.D. Tex. May 18, 2011); *Sawyer v. Mortg. Elec. Registration Sys., Inc.*, No. 3:09-CV-2303-K, 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010), *rec. adopted*, 2010 WL 996917 (N.D. Tex. Mar. 17, 2010). Because Plaintiff's claims against Fannie Mae and Seterus for declaratory judgment, quiet title, trespass to try title, and slander of title are based on the erroneous legal assumption that Fannie Mae lacked authority to enforce the Note and foreclose on his Property, Defendants are entitled to judgment as a matter of law on these

Page **8** of **12**

claims.   *See, e.g. Smith*, 2012 WL 4168331, at *2 (holder of note indorsed in blank and mortgage

servicer entitled to summary judgment on plaintiff's claims for trespass to try title, to quiet title, to

set aside foreclosure sale, and for declaratory relief where claims were based on flawed legal

theory that defendants lacked authority to enforce note and foreclose on property because the note

and deed of trust were not properly indorsed, transferred, and assigned).

### C.   Violations of Chapter 12 of the Texas Civil Practice and Remedies Code

Defendants are similarly entitled to summary judgment on Plaintiff's remaining claim

against Fannie Mae and JPMC for violations of Section 12.002(a) of the Texas Civil Practices and

Remedies Code.   To prevail on a fraudulent lien claim under Section 12.002(a), Plaintiff must

plead and prove that Defendants (1) made, presented, or used a document with knowledge that it

was a fraudulent lien, claim against, or an interest in real property; (2) intended the document be

given legal effect; and (3) intended to cause Plaintiff financial injury.   *See* Tex. Civ. Prac. & Rem.

Code Ann. § 12.002(a) (West Supp. 2012);[3]   *see also Gray v. Entis Mech. Servs., L.L.C.*, 343

---

[3]   Section 12.002(a) of the Texas Civil Practices and Remedies Code provides:

A person may not make, present, or use a document or other record with:

(1)      knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;

(2)      intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and

(3)      intent to cause another person to suffer:

    (A)      physical injury;

    (B)      financial injury; or

    (C)      mental anguish or emotional distress.

Page **9** of **12**

S.W.3d 527, 529-30 (Tex. App.--Houston [14th Dist.] 2011, no pet.); *Walker & Assoc. Surveying, Inc. v. Roberts*, 306 S.W.3d 839, 848 (Tex. App.--Texarkana 2010, no pet.).   Here, Plaintiff alleges that JPMC executed the allegedly fraudulent 2010 Corporate Assignment knowing it was invalid because the lender had previously assigned its rights in the Note and Deed of Trust to CHF. Plf. Sec. Am. Compl. at 6, ¶¶ 24-25, 28.   JPMC allegedly intended that the 2010 Corporate Assignment be given legal effect and further intended that the instrument would be used to effect the foreclosure of Plaintiff's home and, thereby, cause Plaintiff financial injury.   *Id.*, ¶¶ 26, 28. Fannie Mae and Seterus executed and filed the Substitute Trustee's Deed allegedly knowing that the lien against the Property was fraudulent because it was obtained from JPMC after JPMC had assigned its rights to CHF.   *Id.* at 6-7, ¶¶ 27-28.   Fannie Mae and Seterus also allegedly intended that the Substitute Trustee's Deed be given legal effect and intended that the instrument would be used to effect the foreclosure of Plaintiff's home.   *Id.*   Defendants argue that they are entitled to summary judgment on Plaintiff's fraudulent lien claims because neither the 2010 Corporate Assignment nor the Substitute Trustee's Deed constitutes a "lien" for purposes of Chapter 12 of the Texas Civil Practices and Remedies Code and because there is no evidence that Defendants intended that the instruments would be given legal effect or would cause Plaintiff financial injury.

Courts interpreting Section 12.002(a) have held that, in order to state a claim, the plaintiff must allege the challenged instrument purported to *create* a lien or claim against real property. *Marsh v. JPMorgan Chase Bank, N.A.*, 888 F.Supp.2d 805, 2012 WL 3756276, at *7 (W.D. Tex. Aug. 29, 2012).   A plaintiff fails to state a plausible claim for relief where, as here, the challenged

---

Tex. Civ. Prac. & Rem. Code § 12.002(a) (West 2012).

instrument "merely purports to transfer an existing deed of trust from one entity to another." *Id.*; *see also Saucedo v. Deutsche Bank Nat'l Trust Co.*, No. SA-12-CV-00868-DAE, 2013 WL 656240, at *5 (W.D. Tex. Feb. 20, 2013) (dismissing plaintiff's claims under § 12.002 on grounds that challenged assignment of deed of trust and notice of foreclosure are not "liens" or claims against real property as contemplated by the statute); *Willeford v. Wells Fargo Bank, N.A.*, No. 3:12-CV-0448-B, 2012 WL 2864499, at *6 (N.D. Tex. Jul. 12, 2012) (same as to assignment of deed of trust); *Garcia v. Bank of New York Mellon*, No. 3:12-CV-0062-D, 2012 WL 692099, at *3 (N.D. Tex. Mar. 5, 2012) (same as to assignment of deed of trust and substitute trustee's deed).

Plaintiff relies on the holding in *Kingman Holdings, LLC v. CitiMortgage, Inc.*, No. 4:10-CV-619, 2011 WL 1883829, at *4-6 (E.D. Tex. Apr. 21, 2011), *rec. adopted*, 2011 WL 1878013 (E.D. Tex. May 17, 2011), as authority that an assignment of a mortgage lien may constitute a "lien" for purposes of Section 12.002. Plaintiff's argument is unvailing. The court in *Kingman* declined to dismiss the plaintiff's claim because the defendants failed to address the specific defect that allegedly resulted in the fraudulent lien. It is not apparent that the defendants raised the issue of whether an assignment constitutes a lien for purposes of Section 12.002, and the court made no ruling on that substantive issue. Rather, the court deferred until the summary judgment stage consideration of whether the plaintiff had stated a claim under Section 12.002. Court decisions that have addressed the issue since *Kingman* have concluded that an assignment is not the type of instrument that can support a fraudulent lien claim under Section 12.002. Defendants thus are entitled to judgment as a matter of law on Plaintiff's claims under Section 12.002 of the Texas Civil Practices and Remedies Code. *See Marsh*, 2012 WL 3756276, at *7 (dismissing with prejudice fraudulent lien claim based on assignment of deed of trust).

Page **11** of **12**

## V.   CONCLUSION

For the foregoing reasons, the Court concludes that Defendants are entitled to judgment as a matter of law on all of Plaintiff's claims and causes of action.   The Court **GRANTS** JPMC's and Fannie Mae and Seterus's separate Motions for Summary Judgment [Docket Entries #58 & #61] and **DISMISSES** this case with prejudice. Defendants' Motions to Dismiss [Docket Entries #42 & #49] are **DENIED** as moot.   Final judgment will be entered by a separate order.

**SO ORDERED**.

Dated:   March 18, 2013.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS